# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 2:19-cr-0348-DCN-1 |
| vs. | ) | |
| | ) | **ORDER** |
| ARNOLD GIBBS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on defendant Arnold Gibbs's motion for compassionate release, ECF No. 106. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

On August 4, 2020, Gibbs pleaded guilty to one count of felony possession of a firearm in violation of 18 U.S.C. § 922(g). ECF No. 89. On October 16, 2020, the court sentenced Gibbs to an imprisonment term of seventy months, to be followed by a three-year supervised release term. ECF No. 97. Gibbs was arrested on April 11, 2019 and has been in custody since that time. Accordingly, he has completed approximately 39% of his sentence, which he serves at FCI Williamsburg in Salters, South Carolina. On February 2, 2021, Gibbs, proceeding pro se, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 106. On March 4, 2021, the government responded. ECF No. 108. On April 5, 2021, Gibbs's court-appointed counsel supplemented his motion by way of a reply. ECF No. 114. On July 12, 2021, the court reached out to the parties by email to inquire whether Gibbs has received or had the opportunity to receive a COVID-19 vaccine. In response, the government presented

1

medical records indicating that Gibbs was offered and refused the Moderna vaccine. ECF No. 115. The motion is now ripe for review.

## II.  STANDARD

Generally, a court "may or may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A) provides an exception to this general rule where "extraordinary and compelling reasons warrant such a reduction." Courts refer to requests under this section as motions for "compassionate release." United States v. Norris, 458 F. Supp. 3d. 383, 385 (E.D.N.C. 2020). Prior to the First Step Act, Pub. L. No 115-391, 132 Stat. 5194 (2018), the law permitted only the Bureau of Prisons ("BOP") to file motions for compassionate release. United States v. Dowdell, 669 F. App'x 662 (4th Cir. 2016). Section 603 of the First Step Act amended § 3582(c)(1)(A)(i), authorizing defendants themselves to file requests for compassionate release with the sentencing court after exhausting all available administrative remedies.[1] United States v. Griggs, 462 F. Supp. 3d 610, 615 (D.S.C. 2020).

The determination of whether "extraordinary and compelling circumstances" warrant relief is within the discretion of the district court. United States v. Beck, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Fourth Circuit recently clarified that district courts are empowered to "consider any extraordinary and compelling reason for release that defendant might raise." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (quoting United States v. Brooker, 976 F.3d 228, 230 (2d Cir. 2020)) (emphasis in original). If the court finds that such circumstances warrant a reduction in a defendant's sentence, it must consider the factors set forth in § 3553(a) to determine whether such a

---

[1] There is no dispute that Gibbs exhausted his available administrative remedies.

reduction is justified. 18 U.S.C. § 3582(c)(1)(A). A defendant seeking compassionate release "has the burden of establishing that such relief is warranted." Griggs, 462 F. Supp. 3d at 615. Even after the changes to § 3582(c)(1)(A)(i) promulgated under the First Step Act, the burden remains "exceptionally high." McCoy, 981 F.3d at 288.

### III.  DISCUSSION

#### A. Extraordinary and Compelling Circumstances

Gibbs has not demonstrated that extraordinary and compelling reasons warrant a reduction of his sentence. Gibbs's motion relies primarily on the increased risk presented by COVID-19 in light of his underlying health conditions. Gibbs has been diagnosed with Type 1 diabetes, which the CDC acknowledges "can make [one] more likely" to suffer severe COVID-19 symptoms in the event of infection. See "Certain Medical Conditions and Risk for Severe COVID-19 Illness," Centers for Disease Control and Prevention, http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 4, 2021). However, courts have generally found that the increased risk to COVID-19 posed by Type 1 diabetes does not constitute an extraordinary and compelling reason justifying compassionate release. See United States v. Dougher, 2021 WL 765782, at *3 (E.D. Pa. Feb. 26, 2021) (finding that Type 1 Diabetes did not create an extraordinary and compelling circumstance); United States v. White, 2020 WL 5026875, at *3 (W.D. Va. Aug. 25, 2020), appeal dismissed, 2020 WL 8771465 (4th Cir. Dec. 10, 2020) (same); United States v. Walton, 473 F. Supp. 3d 215, 218 (W.D.N.Y. 2020) (nothing that "there is limited evidence that Type 1 diabetes causes an increased risk of serious illness from COVID-19"). While Gibbs's condition imposes substantial dietary restrictions and requires consistent medical

attention, Gibbs indicates in his motion that the BOP provides him with the insulin his condition necessitates.

Further, even if Gibbs does shoulder an increased risk of experiencing serious COVID-19 symptoms, his risk of becoming infected with the virus has significantly diminished. Gibbs is an inmate at FCI Williamsburg, where 954 inmates out of a total inmate population of 1,405—or ~68%—have been fully vaccinated. "COVID-19," Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 15, 2021). FCI Williamsburg currently reports two active COVID-19 infections among its inmates and four among its staff. Id. As such, the BOP's widespread vaccination efforts and the lack of active infections at FCI Williamsburg have significantly reduced Gibbs's risk of infection.

Notably, Gibbs recently had the opportunity to receive the Moderna vaccine but declined to accept it. ECF No. 115 at 151. Gibbs has not provided the court any evidence to suggest that he has a legitimate medical justification for refusing the vaccine. The Moderna vaccine has an efficacy of 94.1% at preventing COVID-19. See L.R. Baden, et al., Efficacy and Safety of the mRNA-1273 SARS-CoV-2 Vaccine, 384 NEW ENG. J. MED. 403, 403 (2021); United States v. Burks, 2021 WL 1394857, at *3 (W.D.N.C. Apr. 13, 2021) (The Moderna vaccine was "approved by the FDA based on its conclusion that, in extensive testing, the vaccine reduced the rate of infection by approximately 95%, and was virtually entirely effective in preventing severe disease, including in participants with medical comorbidities associated with high risk of severe COVID-19.") (citing FDA Decision Memorandum, Moderna - Dec. 18, 2020, https://www.fda.gov/media/144673/download). While it is true that a petitioner who

4

declines a COVID-19 vaccine is "within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk." United States v. Jackson, 2021 WL 806366, at *1–2 (D. Minn. Mar. 3, 2021). As the Seventh Circuit recently opined:

> Vaccinated prisoners are not at greater risk of COVID-19 than other vaccinated persons. (A more cautious statement would be that published data do not establish or imply an incremental risk for prisoners—either a risk of contracting the disease after vaccination or a risk of a severe outcome if a vaccinated person does contract the disease.) And a prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an "extraordinary and compelling" justification for release. The risk is self-incurred.

United States v. Broadfield, 2021 WL 3076863, at *2 (7th Cir. July 21, 2021). For all these reasons, the court finds that Gibbs has failed to demonstrate that extraordinary and compelling circumstances justify his release.

### C.  § 3553(a) Factors

Even if Gibbs could demonstrate that his circumstances are extraordinary and compelling, the factors set forth in 18 U.S.C. § 3553(a) weigh against his release. In sentencing a defendant or, in this case, determining whether a reduction is justified, § 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary," considering the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for [the offense committed];
>
> [. . .]
>
> (5) any pertinent policy statement;
>
> [. . .]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

As previously stated, Gibbs was convicted of felony possession of a firearm in violation of 18 U.S.C. § 922(g). In addition to the instant conviction, Gibbs has a significant criminal history. He previously served a nine-year sentence for assault and battery with intent to kill. ECF No. 93 at ¶ 15. Gibbs also has three prior drug distribution convictions. Id. ¶¶ 16–18. Further, Gibbs's criminal history reflects numerous probation and supervised release violations. Id. This pattern of criminal conduct demonstrates a disregard for the law. Additionally, Gibbs has served only 39% of his sentence. Where a defendant has served less than half of his sentence, courts generally find that the sentencing factors weigh against release. See United States v. Doty, 2020 WL 3440948, at *3 (S.D.W. Va. June 23, 2020) ("The vast majority of district courts have likewise declined to grant compassionate release motions where a defendant has served a small fraction of his or her sentence of incarceration.") (collecting cases). Like those courts, the court here concludes that reducing Gibbs's sentence would not provide adequate deterrence for criminal conduct, promote respect for the law, or provide just punishment. Accordingly, the court finds that the § 3553(a) factors weigh decidedly against compassionate release.

## IV.  CONCLUSION

For the reasons set forth above, the court **DENIES** the motion for compassionate release.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 5, 2021**
**Charleston, South Carolina**